IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| KARANYA-MARQUIS DUDLEY | § | |
| v. | § | CIVIL ACTION NO. 5:23cv12-RWS-JBB |
| DARREN M. JONES, ET AL. | § | |

ORDER

This *pro se* action under 42 U.S.C. § 1983 has been referred to the undersigned United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636 and a standing order of reference from United States District Judge Robert W. Schroeder, III. The undersigned is of the opinion the Court should stay this action and that it should be administratively closed until the criminal charge against Plaintiff has been fully resolved.

## BACKGROUND

*Procedural background*

On February 6, 2023, Plaintiff Karanya-Marquis Dudley ("Plaintiff"), proceeding *pro se*, filed a form complaint with a short form application to proceed in district court without prepaying fees or costs. The Court, in considering whether Plaintiff should be allowed to proceed *in forma pauperis*, reviewed Plaintiff's original complaint. In Plaintiff's original complaint, Plaintiff did not provide addresses for, or any specific allegations against, Defendants Bubba Green Towing Company and State of Texas.[1]

In an Order dated March 1, 2023, the Court found Plaintiff's original form complaint did not set out a short and plain statement of the claim giving fair notice of the nature of Plaintiff's claim or of the grounds upon which it rests. The Court *sua sponte* ordered Plaintiff to file a more detailed

---

[1] However, on February 7, 2023, Plaintiff filed a "Certificate of Service" which provided the addresses of all three defendants. Dkt. No. 3. Plaintiff also filed additional attachments, including copies of filings in *State of Texas v. Karanya-Marquis Dudley*, Cause # 22MO547-CCL, Bowie County Court at Law, New Boston, Texas. Dkt. No. 4.

pleading within twenty (20) days from the date of receipt of the Order, specifically addressing among other things whether Plaintiff's claims implicate any pending charges against Plaintiff (i.e., misdemeanor charge for resisting arrest). Dkt. No. 5 (noting the Court's ruling on the *in forma pauperis* motion was stayed until such time as the Court could review Plaintiff's amended complaint). The same day, Defendant Darren Michael Jones ("Officer Jones"), one of the defendants in this case, filed a Motion to Compel Plaintiff to File a Rule 7(a) Reply. Dkt. No. 7.

On March 24, 2023, Plaintiff filed an amended complaint against Officer Jones, Bubba Green Towing Company, the State of Texas, Tiffany Harper, and Brent Michael Hobbs (collectively, "Defendants"). As of this date, Plaintiff has not filed a response to Officer Jones' Motion to Compel Plaintiff to File a Rule 7(a) Reply.

***Factual background***

Liberally construing Plaintiff's filings, the Court understands Plaintiff to complain about the incident leading to her arrest on March 21, 2022, as well as the subsequent impounding of her vehicle. According to the Arrest Report filed in the additional attachments, Plaintiff was charged with failure to maintain financial responsibility, no driver's license, and resisting arrest search or transport. Dkt. No. 4-6 at 2. In her amended complaint, Plaintiff alleges as follows:

> Title 42 USC Ch. 21 sec. 1986 "For the knowledge of the law" (chokehold) Officer Jones didn't uphold the constitutional laws; In fact, Officer Jones acted knowingly & willfully to deprive me of my rights to travel, liberty & security by the Constitutional & Laws of the United States (without probable cause) abused his authority/power under guise of state authority. Therefore, (NO) laws nor traffic laws broken nor committed. Verbally, lying on official documentations in order to make an arrest (Title 18 USC Ch. 47 sec 1001). I was traveling from Sanderson Lane/Arkansas Blvd to O'reilly Autoparts to get part for car. . . .
>
> After the fact, that I didn't sign traffic ticket by force (sec 543.001) Title 42 USC Ch. 21 sec. 1983 took place. (Bystander) Ryan Lynn Bartlett helped Officer Jones. While on the 3700 North Stateline Ave parking lot. My 4th Amendment right was violated; my car and I was searched & due to unreasonable searches & seizures. Upon arrival by Tiffany Harper, I was searched in public (didn't have right to privacy)[.] Upon arrival by Bubba Green Towing, my property was searched & seized (theft!) (Extortion)[.]
>
> Bubba Green barred me off his property in previous situation with my daughter's

> car. And overcharged me to have my property back in my possession once released! I NEVER WAIVED ANY RIGHTS TO Bubba Green to impound my car, nor did I authorize[] him!
>
> Once Officer Hobbs or while Officer Hobbs taking me away from the scene, while car getting searched I repeatedly hollered [sic] out the window about my property being searched & without my consent. State of Texas allowed this to happen to me (nunc pro tunc) obstruction of justice
>
> *Officer Jones NEVER stated in his formal complaint. . . that he was in the state of Arkansas; we have cameras around the house & yard to prove my whereabouts[.]

Dkt. No. 8 at 5-6 (emphasis original). Plaintiff further alleges Tiffany Harper violated Plaintiff's right to privacy by searching her in public. *Id.* at 3. Plaintiff requests she be awarded "any & all relief" and "what [she is] entitled to under the Constitution & Laws of the United States. (Defamation)." *Id.* at 5.

The same March 21, 2022 incident also resulted in Plaintiff being charged with intentionally preventing or obstructing Darren Jones, a person Plaintiff knew to be a peace officer, from effecting an arrest of Plaintiff by using force against said peace officer.[2] *See State v. Dudley*, No.

---

[2] In the additional attachment titled Probable Cause Affidavit and Complaint, Officer Jones provides the following information in support of a Class A Misdemeanor Charge for Resisting Arrest Search of Transport:

> On March 21, 2022 at 1303 hrs. I conducted a traffic stop on a grey Mercedes Benz passenger car bearing an Arkansas LP of 678ZBZ for expired motor vehicle registration and no seat belt. The driver of the vehicle who was identified by her Texas ID as Karanya Marquis Dudley (BF, 11/03/1973) pulled her vehicle over in the parking lot of 3707 N. Stateline Ave within the city limits of Texarkana Texas.
>
> I approached Dudley's vehicle and explained to her that she was stopped for not wearing her seatbelt and expired registration, but Dudley was irritated and began saying that she was being harassed by the police department and was unable to obtain insurance for her vehicle. Dudley provided a Texas Id card and stated that the police department was preventing her from getting her drivers' license. When I stepped back to the rear of Dudley's vehicle to get the license plate number for the citation Dudley stepped out of her vehicle and was standing by the front left quarter panel. Dudley was still irate and blaming the police department for falsely imprisoning her. I tried to calm Dudley down for several minutes by listening to her and explaining that I was not the reason she was having issues, but Dudley refused to calm down. Dudley continued to blame the police department for her not having insurance or a drivers license.
>
> After several minutes of talking with Dudley and not gaining any understanding from her I decided to proceed with issuing the citation. Dudley was receiving citations for no driver's license and no proof of financial responsibility and warnings for the expired registration (03/21) and no seatbelt. I explained the citation to Dudley and informed her that due to her not having insurance I would unfortunately have to impound her vehicle also. I tried to hand Dudley my ticket writer for her to

22MO547-CCL, (County Court at Law of Bowie County, Texas). The state criminal action was pending at the time Plaintiff filed this action. The Court notes Plaintiff did not mention any pending charge in her amended complaint or otherwise address whether Plaintiff's claim in this lawsuit might implicate any pending charge.

## LEGAL STANDARDS

Plaintiff paid the statutory filing fee on March 3, 2023. As a result, the Court should find that the pending motion for leave to proceed *in forma pauperis* [Dkt. No. 2] is moot. Therefore, the Court may not screen this action under the *in forma pauperis* statute, but the Court still may "raise the issue whether the federal courts have equitable jurisdiction to hear this case under the abstention doctrine promulgated by *Younger v. Harris*, 401 U.S. 37 (1971)." *Blakely v. Kelly*, No. 3:16-CV-2801-K-BN, 2016 WL 6581283, at *1 (N.D. Tex. Oct. 12, 2016), *report and recommendation adopted*, No. 3:16-CV-2801-K, 2016 WL 6566539 (N.D. Tex. Nov. 3, 2016) (quoting *Lawrence v. McCarthy*, 344 F.3d 467, 470 (5th Cir. 2003) (citations omitted in *Blakely*); also citing *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 n.1 (5th Cir. 1999) ("[A]bstention may be raised by the court *sua sponte*." (citing *Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976); *BT Inv. Managers, Inc. v. Lewis*, 559 F.2d 950, 954 n.16 (5th Cir. 1977))))).

Under the *Younger* abstention doctrine, a federal court should abstain from exercising its

---

sign for the citations and she refused stating that she was not going to sign anything. I explained to Dudley that if she refused to sign the citation, she would have to be taken to jail. Dudley refused a second time, and I placed my ticket writer on the hood of Dudley's car and grabbed her arm. I explained to Dudley that she was being placed under arrest and to put her hands behind her back. Dudley was grasping her cell phone and refused to place her hands behind her back. I informed Dudley, I would allow her to make any calls she needed once she was placed in handcuffs, but she continued to pull away and strong arm me. I moved Dudley up against her car to try and gain leverage without hurting her, but she still refused to comply and place her hands behind her back. I asked Dudley to stop resisting multiple times before I was forced to move the struggle to the ground. Once Dudley was on the ground next to her car a bystander ran up and aided me in placing Dudley in cuffs.

Once in custody Dudley was searched and transported to jail by Officer Hobbs.

Dkt. No. 4-6 at 3-4.

jurisdiction when to do so would result in the interference in the course of an ongoing state criminal proceeding except in the most extraordinary circumstances and on a clear showing of both great and immediate harm. *Id*. (citing *Burgett v. State of Texas*, No. 7:04-cv-227-R, 2005 WL 473680, at *1 (N.D. Tex. Feb. 28, 2005) (collecting cases); also citing *Younger v. Harris*, 401 U.S. at 43-45). The requirement that a plaintiff prove "extraordinary circumstances" to obtain federal relief is grounded in the principles of comity and federalism. *Id*. (citing *Younger*, 401 U.S. at 44). *Younger* abstention applies even if the ongoing state proceedings are, like here, a misdemeanor prosecution. *Id*. (citing *Boyd v. Georgia*, 512 Fed. Appx. 915, 917-18 (11th Cir. 2013) (per curiam); also citing *Kirabira v. Texas*, No. 3:08-cv-1780-B, 2009 WL 80353 (N.D. Tex. Jan. 12, 2009)).[3]

The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Id*. at *2 (quoting *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); internal citations omitted in *Blakely*)).

However, to the extent that a plaintiff seeks damages, the United States Court of Appeals for the Fifth Circuit has "held that *Younger* is not applicable to claims for damages." *Id*. (quoting *Boyd*, 575 Fed. Appx. at 519 (citing *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994))). Nevertheless, "a court should stay proceedings in a § 1983 case brought by a [criminal defendant awaiting trial] until the related pending criminal case is resolved." *Id*. (quoting *Gross v. Normand*, 576 Fed. Appx. 318, 319 (5th Cir. 2014) (per curiam)).

## **DISCUSSION**

As noted above, the Fifth Circuit has held that where a plaintiff has filed a civil rights lawsuit

---

[3] In *Kirabira v. Texas*, No. 3:08-CV-1780-B, 2009 WL 80353, at *1 (N.D. Tex. Jan. 12, 2009), the *pro se* plaintiff complained of Fourth Amendment violations and defamation of his character. He essentially asked the court to dismiss the state misdemeanor case pending against him. *Id*.

covering the same subject matter as state court criminal charges which are pending against her, the federal district court should stay the civil rights lawsuit until the criminal charges are resolved. *See also Lewis v. Beddingfield*, 20 F.3d 123, 124-25 (5th Cir. 1994); *Ballard v. Wilson*, 856 F.2d 1568, 1572 (5th Cir. 1988). Here, as in *Lewis* and *Ballard*, it appears that Plaintiff's civil rights claims are intimately connected to the criminal prosecution against Plaintiff.  To the extent the misdemeanor criminal charge is still pending, a civil rights lawsuit over the same subject matter cannot proceed, but should be stayed until any such charge is resolved. Once the charge is fully resolved, Plaintiff may notify the Court by filing a motion to reopen the case, advising the Court that the criminal charge(s) has been resolved and of the outcome of the criminal case and any appeal thereof. The Court orders this lawsuit be stayed and administratively closed until such time as the criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two.

## **CONCLUSION**

Based on the foregoing, it is

**ORDERED** that the above-styled civil action is stayed and administratively closed, subject to reopening upon further order of the Court. The administrative and statistical closing of the lawsuit shall not prejudice the rights of Plaintiff or Defendants to proceed with this cause at such time further proceedings are practicable and appropriate. It is further

**ORDERED** that Plaintiff shall provide the Court with status updates regarding the progress of her criminal case every two (2) months. Within twenty (20) days after receiving notice that her criminal case has been resolved, Plaintiff shall notify this Court. The failure to comply with this order may result in the dismissal without prejudice of this case for failure to prosecute and/or comply with a Court order pursuant to Federal Rule of Civil Procedure 41(b). It is further

**ORDERED** that the Clerk shall not accept any motions or other documents for filing in this case from Plaintiff other than: (1) an appeal of this order; (2) a motion to reopen, (3) a motion to dismiss the lawsuit voluntarily, (4) a notice of change of address, and (5) Plaintiff's status updates concerning her criminal case. Finally, it is

**ORDERED** that Plaintiff's application to proceed in district court without prepaying fees or costs (Dkt. No. 2) is **DENIED AS MOOT.**

SIGNED this the 6th day of April, 2023.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE